UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **COLLEEN FOLEY**, of Scarborough, County of Cumberland; **TORY BRIDGMAN**, of South Portland, County of Cumberland, **SHAWN J. LITOURNEAU,** of Portland County of Cumberland, **BETHANY MESSER** of South Portland County of Cumberland, **EVA RAMIREZ-WISIACKAS**, of South Portland, County of Cumberland ~~SAM WILLIAMS of Portland, County of Cumberland~~, and **SEAN SLAUGHTER,** of Portland County of Cumberland, State of Maine<br><br>Plaintiffs,<br><br>vs.<br><br>**THE FRONT ROOM, LLC,** doing business in the County of Cumberland, State of Maine; and **HARDING SMITH,** of Portland, County of Cumberland, State of Maine<br><br>Defendants. | **Civil Number:** _____<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

Plaintiffs, Colleen Foley, Tory Bridgman, Shawn J. Litourneau, Eva Ramirez-Wisiackas, Bethany Messer and Sean Slaughter (collectively, "Plaintiffs"), by and through their undersigned attorney Donald F. Fontaine, complain of The Front Room, LLC, and Harding Smith (collectively, "Defendants") as follows:

**PRELIMINARY STATEMENT**

This is an action under the Fair Labor Standards Act and the Maine Minimum Wage and Overtime law by several employees and former employees against The Front Room, LLC, and

Harding Smith, its owner and officer, for having failed to pay them the minimum wage and overtime pay required by both of the above statutes.  The defendants engaged in multiple violations of those statutes by the following practices: by violating "tip sharing" laws, by failing to inform employees of the tip credit, by failing to compensate employees for all hours worked, by failing to pay hours worked beyond forty at the overtime rate, by taking a tip credit against wages for non tipped work, by failure to provide statutory breaks from work, and by failure to withhold taxes.

1. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. § 216, and pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). At all times hereinafter mentioned, Defendants have employed employees in and about their place of business in the activities of said enterprise engaged in commerce, including employees handling or otherwise working on goods or materials that moved in interstate commerce. Said enterprise, at all times herein mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  The facts forming the basis for these state law claims are the same facts which form the basis of the federal claims, under the Federal Fair Labor Standards Act.  The State claims are so related to the federal claims that they form a part of the same case or controversy.

## THE PLAINTIFFS

3. Plaintiff Colleen Foley resides in Scarborough, Maine. She was a tipped employee of the defendants from August, 2006, to October, 2009.

4. Plaintiff Tory Bridgman resides in Portland, Maine. He was an hourly paid employee. He worked for the defendants from April, 2008, to December, 2009.

5. Plaintiff Shawn J. Litourneau resides in Portland Maine. He worked as an hourly paid employee for the defendants from December, 2005, to March, 2009, with a hiatus of eight months during this period of time.

6. Plaintiff Bethany Messer resides in South Portland. She was an hourly paid employee for the defendants from December, 2007, to the present.

7. Plaintiff Eva Ramirez-Wisiackas resides in South Portland, Maine. She was a tipped employee. She worked for defendants from August, 2008, to the present.

8. Plaintiff Sean Slaughter resides in Portland. He was a tipped employee for the defendants from July, 2008, to December, 2009.

## THE DEFENDANTS

9. The Front Room, LLC, is a limited liability corporation of the State of Maine. It operates a restaurant known as The Front Room on Congress Street, in Portland, Maine.

10. Defendant Harding Smith is the Chief Executive Officer of The Front Room, LLC. He actively manages, supervises, and directs the personnel affairs of The Front Room, LLC. He has to power to, and does, exercise decisions over payroll, work schedules, including the manner and amount of compensation for regular pay and overtime. He participated in the decisions of the LLC at issue in this case.

## FIRST CLAIM
### (Illegal Tip Sharing)

11. The defendants required plaintiffs Foley, Ramirez-Wisiackas, and Slaughter, to surrender more than 15% of the tips they earned to other employees of the defendants and further required them to share the tips they earned with employees who themselves were not customarily tipped, all in violation of 29 U.S.C. §203(m) and in violation of 26 M.R.S.A. §664(2).

12. As a consequence of the conduct described in the preceding allegation plaintiffs were illegally deprived of the minimum wage to which they were entitled by state and federal law.

13. Wherefore, plaintiffs Foley, Ramirez-Wisiackas and Slaughter demand damages at the minimum wage and overtime for all of their hours worked minus the amount actually paid for those hours worked by the defendants, plus liquidated damages against both defendants, jointly and severally, and attorney's fees.

## SECOND CLAIM
### (Failure To Inform Of Tip Credit)

14. Plaintiffs repeat each of the allegations that appear above in ¶ 1- 13, and incorporate them here as though set out at length.

15. The defendants required plaintiffs Foley, Ramirez-Wisiackas and Slaughter to surrender 50% of the statutory minimum wage for their hours worked without having first explained to them that the defendants would take a "tip credit" from their due to the tips that they would receive from customers, all in violation of 29 U.S.C. §S 203(m) and 215(b) and in violation of 26 M.R.S.A. §664.

16.   As a consequence of the conduct described in the preceding allegation plaintiffs Foley, Ramirez-Wisiackas and Slaughter were deprived of the minimum wage to which federal and state statutes above cited entitle them.

17.   Wherefore, plaintiffs Foley, Ramirez-Wisiackas and Slaughter demand damages at the minimum wage and overtime for all of their hours worked minus the amount actually paid for those hours worked by the defendants, plus liquidated damages against both defendants, jointly and severally, and attorney's fees.

## **THIRD CLAIM**
**(Work Off The Clock)**

18.   Plaintiffs repeat each of the allegations that appear above in ¶ 1- 17, and incorporate them here as though set out at length.

19.   The defendants required plaintiffs Foley, Litourneau, Messer, Ramirez-Wisiackas, and Slaughter to work for hourly pay or tips while failing to compensate them for all of the hours they worked or by failing to pay to them all of the tips that they earned, all in violation of 29 U.S.C. §§§ 203, 206 and 207, and in violation of 26 M.R.S.A. §664.

20.   As a consequence, plaintiffs Foley, Litourneau, Messer,  Ramirez-Wisiackas, and Slaughter were deprived of the minimum wage and overtime pay or the tips they earned as protected by the above federal and state statutes.

21.   Wherefore, plaintiffs Foley, Litourneau, Messer, Ramirez-Wisiackas, and Slaughter demand judgment for damages against the defendants, jointly and severally, at the minimum wage or overtime rate for all unpaid hours worked and not paid, plus liquidated damages and attorney's fees.

## FOURTH CLAIM
### (Tipped Employees Not Paid Overtime)

22. Plaintiffs repeat each of the allegations that appear above in ¶ 1- 21, and incorporate them here as though set out at length.

23. Defendants failed to pay plaintiffs Foley and Ramirez-Wisiackas for the hours they worked over forty in any particular week by having deducted a tip credit that the defendants claimed from the minimum wage rather than having deducted it from the mandatory overtime rate of pay, all in violation of 29 U.S.C. §§203, 206 and in violation of 26 M.R.S.A. §664.

24. As a consequence plaintiffs Foley and Ramirez-Wisiackas are entitled to be paid at the State of Maine overtime rate for all hours worked in excess of forty (40) in any particular week minus the amounts actually paid to them by the defendants for those hours.

25. Wherefore, plaintiffs Foley and Ramirez-Wisiackas demand judgment for the State of Maine overtime rate of pay minus the hours actually paid for the overtime hours they worked, plus liquidated damages and attorney's fees.

## FIFTH CLAIM
### (Tip Credit Taken For Non-Tipped Work)

26. Plaintiffs repeat each of the allegations that appear above in ¶ 1- 25, and incorporate them here as though set out at length.

27. Defendants required the plaintiffs Foley, Ramirez-Wisiackas, and Slaughter to perform services for the defendants in capacities where they were not able to earn tips, but the defendants nevertheless reduced their minimum wage by subtracting a tip credit from the

minimum wage that they were otherwise required to pay them, all in violation of 29 U.S.C. §§ 203, 206 and in violation of 26 M.R.S.A. §664.

28. As a consequence plaintiffs Foley, Ramirez-Wisiackas, and Slaughter were deprived of the minimum wage to which they were entitled by the above federal and state statutes.

29. Wherefore, plaintiffs Foley, Ramirez-Wisiackas and Slaughter demand damages at the minimum wage and overtime for all of their hours worked minus the amount actually paid for those hours worked by the defendants, plus liquidated damages against both defendants, jointly and severally, and attorney's fees.

## SIXTH CLAIM
### (Hourly Paid Plaintiffs Not Paid Overtime)

30. Plaintiffs repeat each of the allegations that appear above in ¶ 1- 29, and incorporate them here as though set out at length.

31. Defendants employed plaintiffs Bridgman, Litourneau and Messer as hourly paid employees, but failed to pay them at the overtime rate for the hours of work they performed above forty (40) in any particular week, all in violation of 29 U.S.C. §207 and in violation of 26 M.R.S.A. §664.

32. Wherefore, plaintiffs Bridgman, Litourneau, and Messer demand judgment against both defendants, jointly and severally, for the payment of their overtime premium rate of one half their regular rate, plus liquidated damages and attorney's fees.

## SEVENTH CLAIM
### (Failure To Provide Break From Work)

33.     Plaintiffs repeat each of the allegations that appear above in ¶ 1- 32, and incorporate them here as though set out at length.

34.     The defendants deprived all of the plaintiffs in this action to a thirty (30) minute break during any shift of six hours or more, all in violation of 26 M.R.S.A. §601.

35.     As a consequence plaintiffs were, and continue to be, deprived of a health benefit mandated by state statute.

36.     Wherefore, plaintiffs demand judgment against the defendants in the form of a declaratory judgment that the defendants have continually in violation of the law deprived them of the statutory benefit protected by Maine statute, and for an order to cease and desist.

## EIGHTH CLAIM
### (Failure To Withhold Taxes)

37.     Plaintiffs repeat each of the allegations that appear above in ¶ 1- 36, and incorporate them here as though set out at length.

38.     Defendants have deprived plaintiffs Foley, Ramirez-Wisiackas, Litourneau, and Messer of their right to have the defendants contribute to FICA and to permit them also to contribute to FICA by withholding from their pay appropriate FICA contributions and by contributing defendants share of FICA contributions, and the defendants have failed also to withhold federal and state income tax from earnings, and so have deprived the plaintiffs of federal statutory rights.

39.     As a consequence plaintiffs will incur expense and inconvenience in dealing with federal and state tax authorities.

40. Wherefore, plaintiffs pray the Court to issue a declaratory judgment that the defendants have violated these withholding laws and to cease and desist in their failure to withhold any pay FICA taxes and withhold federal and state income tax.

41. Plaintiffs request a jury trial on all claims.

Dated at Portland, Maine this 6th day of January, 2010.

/s/ Donald F. Fontaine
Donald F. Fontaine     Bar No. 424
Law Offices Of Donald F. Fontaine
97 India Street
P.O. Box 7590
Portland, Maine 04112
(207) 879-1300          Fax: 772-6402
dff@fontainelaw.com

Attorney for plaintiffs

DFF/ccf